ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2005 APR -5 P 4: 11

U.S. DISTRICT COURT
ANN ARBOR

LABORERS PENSION TRUST FUND -
DETROIT & VICINITY, *et al*,

        Plaintiffs,

v.

MICHAEL MUSCAT and PETER MUSCAT,
d/b/a/ MUSCAT BROTHERS CONSTRUCTION CO.,
jointly and severally,

        Defendants.

_____/

Case No. 03-74019

Honorable Nancy G. Edmunds
Honorable Steven D. Pepe

## Report and Recommendation

Plaintiffs are trust funds seeking unpaid fringe benefit contributions. Plaintiffs allege that Defendants, as a party to the Collective Bargaining Agreement ("CBA") with Local Unions 334 and 1076 of the Laborers' International Union of North America and/or 1191 of the Laborers' International Union of North America, AFL-CIO ("Union"), breached the CBA by not paying all of their fringe benefit contributions owing for their employees. On January 27, 2005, Plaintiffs filed this motion for default judgment. This motion has been referred for report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B).

Plaintiffs' motion for default judgement requests $18,939.84: $14,551.34 in principal and $4,388.50 in costs and attorneys' fees. In addition, Plaintiffs request access to Defendants books and records to determine the amount of Defendants' indebtedness for fringe benefits contributions

1

from January 1, 2001, through December 31, 2004.

I. PROCEDURAL HISTORY

Plaintiffs filed this suit on October 3, 2004, seeking payment of delinquent fringe benefit contributions and contractual liquidated damages totaling $20,551.34 (as determined by an audit for the period through December 21, 2000), plus interest, costs, and attorneys fees, and an updated audit for the period from January, 2001. Defendants failed to answer the complaint and on January 5, 2004, Defendants' default was entered as to Peter Muscat and Michael Muscat. On January 26, 2004, Plaintiffs filed a motion for default judgment. A hearing regarding the motion for default judgement was held on March 31, 2004. Defendants admitted both to Plaintiffs' counsel and on the record that Plaintiffs' allegations were accurate and that they owe the indebtedness. On August 6, 2004, a settlement conference was held with Plaintiffs' counsel and Defendant Peter Muscat in attendance. The parties negotiated a settlement agreement at that time, and Defendants made a $4,000 payment on that day, to be applied to the payments agreed to. Plaintiffs' counsel drafted the terms of the settlement agreement into a pocket judgment, which was the form agreed upon at the settlement conference. On September 24, 2004, Judge Edmunds dismissed the case based on the understanding that a settlement agreement had been reached. On September 28, 2004, Plaintiffs' counsel met with Defendants to review the pocket judgment. Both Defendants refused to execute the settlement agreement and related pocket judgment because they would not be able to make the scheduled payments. On October 13, 2004, Plaintiffs filed a renewed motion for default judgment and, on October 29, 2004, Judge Edmunds issued an order reopening the case.

2

II. LEGAL ANALYSIS

Fed.R.Civ.P. 55(a) states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The court has the discretion to determine whether an evidentiary hearing is necessary, and may instead rely upon detailed affidavits and documentary evidence; the moving party bears the burden of proving reasonable basis for calculation of damages. *In re Crazy Eddie Secs. Litig.*, 948 F.Supp. 1154, 1160 (E.D.N.Y. 1996).

### A. Monetary Indebtedness

Defendants have never denied any of the allegations in the complaint and have admitted that Plaintiffs' allegations are accurate and that they owe the calculated indebtedness. Accordingly, there are no unresolved issues of fact to preclude judgment in Plaintiffs' favor.

### B. Access to Defendants' Books

#### 1. Contractual Authority

With regard to the benefit contributions, the CBA adopts by reference the Trust Agreement and its amendments. Article V, p.17, ¶ A of the CBA states:

The Employer agrees to be bound by all provisions of the Agreement and Declaration of Trust of the Laborers' Pension Trust Fund, Detroit and Vicinity dated July 9, 1958, as it has been or subsequently is amended by that parties thereto, which is hereby made part of this Agreement by reference. The Employer further agrees to contribute monthly the amount specified in Article IV for "Pension" into the depository designated by the Trustees of the Pension Fund for each paid hour for each employee covered by this Agreement.

The second Amendment to that Trust Agreement provides that the Trustees' auditors may "examine the payroll and related records of the employers." *See id*, Article IV, Section 14. That clause also

provides for the authority to litigate "to enforce [the Trustees'] rights to audits and to receive such contributions." *Id.*

### 2. Statutory Authority

ERISA, 29 U.S.C. 1145, requires that employers obligated to make contributions do so "in accordance with the terms and conditions of such plan or agreement." Id. The obligation to remit contributions includes the obligation to submit to audits to confirm the accuracy of an employer's contributions, pursuant to the CBA and Trust Agreement provisions cited above. The Defendants' refusal to submit to the audit for the period from January 1, 2001, through December 31, 2004, violates the CBA and Trust Agreement and, consequently, Section 1145 of ERISA.

## III. RECOMMENDATION

It is recommended that Plaintiffs are awarded $18,939.84, that being the principal amount of Defendants' indebtedness to Plaintiffs through December 31, 2000 ($14,551.34), plus costs and attorneys' fees through January 27, 2005 ($4,388.50). It is further recommended that Defendants be ordered to make available all books and records needed by Plaintiffs to determine the amount of Defendants' indebtedness, if any, for fringe benefits contributions from January 1, 2002, through December 31, 2004. Plaintiffs shall be granted leave to file for an appropriate amendment to the judgment if the updated audit shows that Defendants have further indebtedness to Plaintiffs.

Any objections to this Report and Recommendation must be filed by March 25, 2004, 28 U.S.C. 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Pursuant to E.D. Mich LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may bile a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

STEVEN D. PEPE
UNITED STATES MAGISTRATE JUDGE

Dated: April 5, 2005
Ann Arbor, MI

Pursuant to Rule 77(d), FRCivP COPIES HAVE BEEN MAILED TO THE FOLLOWING:
- Robert Farr Jr.
- Holland R. O'Hare
- Michael Muscat
- Peter Muscat

on 4/5/05

DEPUTY CLERK

5